UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

RYAN LEDEAN GILLESPIE,

                Petitioner,                   Case No. 1:23-cv-1100

v.                                      Honorable Ray Kent

RUSSELL OLMSTEAD,

                Respondent.

_____/

## <u>OPINION</u>

Petitioner Ryan LeDean Gillespie is a pretrial detainee confined to the St. Joseph County Jail. He has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Am. Pet., ECF No. 5), claiming that his pretrial detention violates his constitutional rights. This matter is presently before the court on Petitioner's motion for leave to proceed *in forma pauperis*, (ECF No. 2), and for preliminary review under 28 U.S.C. § 2243.

Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Petitioner consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 6.) Section 636(c) provides that "[u]pon the consent of the parties, a full-time United States magistrate judge ... may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case...." 28 U.S.C. § 636(c).

Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district

court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243.[1] The Court is required to conduct this initial review prior to the service of the petition. Rule 4, Rules Governing § 2254 Cases.

Service of the petition on the respondent is of particular significance in defining a putative respondent's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351.

Rule 4, by requiring courts to review and even resolve the petition before service, creates a circumstance where there may only be one party to the proceeding—the petitioner. Because Respondent has not yet been served, the undersigned concludes that Respondent is not presently a party whose consent is required to permit the undersigned to conduct a preliminary review of the petition. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties

---

[1] The Rules Governing § 2254 Cases may be applied to petitions filed under § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases.

to the action at th[e] time the magistrate entered judgment.").[2] Petitioner's consent is sufficient to permit the undersigned to conduct the Rule 4 review.

After undertaking the review required by Rule 4, it plainly appears from the face of the petition that Petitioner is not entitled to relief because he has failed to exhaust his state court remedies. Accordingly, the Court will summarily dismiss the petition without prejudice.

## Discussion

### I.     Leave to Proceed *in Forma Pauperis*

The filing fee for a habeas corpus action is $5.00. 28 U.S.C. § 1914(a). Petitioner has requested leave of court to proceed *in forma pauperis*, without prepayment of the filing fee (ECF Nos. 2) under 28 U.S.C. § 1915(a)(1) and has filed an affidavit of indigence. It reasonably appears that paying the cost of this filing fee would impose an undue financial hardship. *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988). Therefore, the Court will grant Petitioner leave to proceed *in forma pauperis*

### II.    Factual Allegations

Petitioner Ryan LeDean Gillespie is detained at the St. Joseph County Jail in Centreville, Michigan, on charges of unlawful driving away of a motor vehicle, in violation of Mich. Comp. Laws § 750.413, breaking and entering a building with intent to commit the unlawful driving away

---

[2] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and ... not tak[ing] an opinion on the meaning of 'parties' in other contexts").

of a motor vehicle, in violation of Mich. Comp. Laws § 750.110 (ECF No. 5-1, PageID.42), and receiving and concealing a stolen motor vehicle, in violation of Mich. Comp. Laws § 750.535.(7) (*id.*, PageID.43). He contends that, since becoming detained on January 6, 2023, he has been denied a speedy trial, denied effective assistance of counsel, subjected to "opression[sic] tactics," and deprived of *Brady* evidence. (Am. Pet., ECF No. 5, PageID.24–25, 32–33.)

Petitioner alleges that he initially filed multiple motions regarding his claims with the Wexford and St. Joseph County Courts, which were denied. (*Id.*) He also contends that he appealed his claims to the Michigan Court of Appeals. (Am. Pet., ECF No. 5, PageID.25; ECF No. 5-1, PageID.39.) By way of correspondence, the Michigan Court of Appeals acknowledged receipt of a "letter" from Petitioner dated August 1, 2023, a "filing" received on July 17, 2023, and a complaint for superintending control received on August 7, 2023. (ECF No. 5-1, PageID.39.) However, on September 5, 2023, Petitioner's application for leave to appeal was "dismissed for failure to pursue the case in conformity with the [Michigan Court] rules. MCR 7.201(B)(3) and MCR 7.216(A)(10)." *People of MI v. Ryan LeDean Gillespie,* Docket No. 366925 (Mich. Ct. App. Sept. 5, 2023). Petitioner did not appeal that decision to the Michigan Supreme Court. (See ECF No. 5, PageID.25.); *see also* Michigan Courts Case Search, https://www.courts.michigan.gov/ case-search/ (enter "Ryan LeDean Gillespie," select "search") (last accessed Nov. 2, 2023). Petitioner instead filed his action in this Court in October 2023. (Am. Pet., ECF No. 5, PageID.25.)

Petitioner seeks release from jail and dismissal of the charges against him.

## III.    Exhaustion of State Court Remedies

28 U.S.C. § 2241 confers upon federal courts the jurisdiction to consider petitions for writ of habeas corpus of state pretrial detainees. *Atkins v. People of the State of Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). While petitions under § 2241 are not subject to all of the specific statutory requirements set forth in § 2254, a pretrial detainee may not simply seek relief in federal court

under § 2241 where state relief is still available. Thus, a federal court ordinarily "should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state courts or by other state procedures available to the petitioner." *Atkins*, 644 F.2d at 546 & n.1; *see also Phillips v. Court of Common Pleas, Hamilton Cnty, Ohio*, 668 F.3d 804, 810 n.4 (6th Cir. 2012) ("Unlike exhaustion under § 2254, exhaustion under § 2241 is not a statutory requirement. *Compare* 28 U.S.C. § 2254(b)(1)(A), *with id.* § 2241. Rather, in the § 2241 context, 'decisional law has superimposed such a requirement in order to accommodate principles of federalism.'").

The Sixth Circuit has approved consideration of a pretrial § 2241 petition only in three exceptional circumstances: (1) when the petitioner seeks a speedy trial, *Atkins* 644 F.2d at 546–47; (2) when a petitioner seeks to avoid a second trial on double jeopardy grounds, *Delk v. Atkinson*, 665 F.2d 90, 93 (6th Cir. 1981); and (3) when a petitioner faces prejudice from prior ineffective assistance of counsel and due process violations on retrial, *Turner v. Tennessee*, 858 F.2d 1201, 1204 (6th Cir. 1988), *vacated on other grounds*, 492 U.S. 902 (1990). Petitioner Gillespie's claims regarding his detention suggest that he is being denied the right to a speedy trial.

Even in a case such as this where a pretrial detainee articulates a claim of the type that may constitute an exceptional circumstance, a habeas petitioner must still properly exhaust available state court remedies before proceeding in federal court. *See Braden v. 30th Jud. Cir. Court*, 410 U.S. 484, 490–91 (1973) (recognizing the long-standing judicial doctrine of exhaustion of state-court remedies in all habeas action); *Klein v. Leis*, 548 F.3d 425, 429 n.2 (6th Cir. 2008); *Delk*, 665 F.2d at 93 (holding that a pretrial detainee may file a § 2241 petition after state remedies are exhausted). The requirement that a habeas petitioner exhaust state-court remedies before seeking relief in federal court "protect[s] the state court's opportunity to confront initially and resolve

constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." *Atkins*, 644 F.2d at 546.

To properly exhaust state remedies, a habeas petitioner must have fairly presented each claim to the state court of appeals and to the state supreme court before raising claims in a federal habeas corpus petition. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45, 847 (1999); *Wagner v. Smith*, 581 F.3d 410, 414-15 (6th Cir. 2009). Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Here, Petitioner does not indicate that he has sought relief in the Michigan Supreme Court for the violation of his speedy trial rights. A challenge to pretrial detention in Michigan is governed by Mich. Comp. Laws § 765.1 *et seq.* Under those provisions and the Michigan Court Rules, it appears that state-court remedies are still available to Petitioner. Michigan Court Rule 6.106(H) provides for modification of pretrial custody orders—indeed, the rule contemplates circumstances that warrant emergency release. Additionally, the rule provides for appeal of the custody decision by motion. Mich. Ct. R. 6.106(H)(1). Alternatively, the state habeas corpus remedy may provide a means to obtain relief.

Petitioner must pursue the remedies afforded by Michigan Court Rule 6.106 or by the Michigan habeas corpus statute, including all available appeals. Relief under § 2241 is not available until after Petitioner has exhausted his state court remedies.

## IV.     Improper Relief

Moreover, not every speedy trial claim is properly raised by way of a pretrial habeas petition:

> [T]he speedy trial clause protects two related but distinct interests: the enforcement of the state's duty to provide a prompt trial and the protection of defendants from the prejudice that arises from a state's failure to carry out that duty. As noted by the Fifth Circuit in *Brown v. Estelle*, . . ."(t)his distinction apparently turns upon the type of relief sought: an attempt to dismiss an indictment or otherwise prevent a

> prosecution" protects the defendant from prejudice and is normally not attainable by way of pretrial habeas corpus; but an attempt to force the state to go to trial may be made prior to trial, although state remedies must still be exhausted. 530 F.2d [1280, 1283 (5th Cir. 1976)].

*Atkins*, 644 F.2d at 547. Thus, if Petitioner were asking this Court to order the Michigan Court to provide a prompt trial and if he had already exhausted his state court remedies, this Court could entertain the petition. Here, though, Petitioner is not seeking that relief. Instead, he is asking the Court to order his release and the dismissal of all charges. That relief is "not attainable by way of pretrial habeas corpus." *Id*. When a habeas petitioner brings a prejudgment habeas petition seeking dismissal of the charges against him, his habeas action must await the conclusion of the state proceedings. *See In Re Justices of Superior Court Dept. of Massachusetts Trial Court*, 218 F.3d 11, 17, n.5 (1st Cir. 2000)

## V.      Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

The Court concludes that Petitioner's application is properly denied for lack of exhaustion or, alternatively, because the relief he seeks is not available by way of a pretrial habeas petition. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of

the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.*

The Court finds that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion or, based on the relief requested, as premature. Therefore, a certificate of appealability will be denied. Moreover, for the same reasons the Court concludes that Petitioner has failed to demonstrate that he is entitled to relief under § 2241 and has failed to make a substantial showing of a denial of a constitutional right, the Court also concludes that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## <u>Conclusion</u>

The Court will enter an order granting Petitioner's request for leave to proceed *in forma pauperis.* The Court will enter a judgment dismissing the petition for lack of exhaustion and denying a certificate of appealability.


Dated:   <u>November 27, 2023</u>                 <u>/s/ Ray Kent</u>
                                                          Ray Kent
                                                          United States Magistrate Judge